# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JHAKOBY JENNINGS,
ADC #135085                                                                    PLAINTIFF

4:17CV00095-DPM-JTK

HAROLD BARBEE, et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

## I.     **Introduction**

Plaintiff Jhakoby Jennings is a state inmate incarcerated at the Ouachita River Unit of the Arkansas Department of Correction (ADC).   He filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants subjected him to excessive force while he was incarcerated at the Pulaski County Detention Facility (Jail).   He requested monetary and injunctive relief.

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by Defendants Bangs and Sanders (Doc. Nos. 26-28).[1]   When Plaintiff failed to respond, this Court issued an Order on February 22, 2018, directing him to respond within fifteen days of the date of the Order (Doc. No. 29).   The Court further advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice, for failure to prosecute. (Id.)   As of this date, Plaintiff has not responded to the Motion.

---

[1] Defendants Barbee, Huff, and McGowan were dismissed on May 16, 2017 (Doc. No. 15).

## II.     Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.   See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"   Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"   Id. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."   Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...."   Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.   Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e).

The Court finds that Defendants' Motion should be granted, based on Plaintiff's failure to

exhaust his administrative remedies prior to filing his lawsuit, as required by the Jail grievance policy and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.   Defendants present the Affidavit of Nancy Brawley, grievance officer at the Jail, who stated that the Jail grievance policy, Branch Directive D05-0001 (Doc. No. 27-2), provides that inmates should file a grievance within fifteen days of the occurrence of the incident, provide a description of the problem, and explain the requested relief. (Doc. No. 27-2, pp. 1-2) Brawley further stated that to complete the grievance procedure, an inmate must file a grievance and then appeal the grievance officer's decision to the Chief of Detention. (Id., p. 2)   According to Brawley, Jennings is familiar with the Jail grievance procedure, as he filed numerous grievances while incarcerated there, but did not file any grievances regarding the issue of excessive force during his incarceration at the Jail in 2015. (Id., pp. 2-3) Defendants also provide reports of an incident which occurred at the Jail involving Jennings and several Jail officials on April 30, 2015, which they assume is the incident about which Plaintiff complained in his Complaint. (Doc. No. 27-1, pp. 16-18)   Based on the Affidavit, evidence, and the grievance policy and PLRA requirements, Defendants ask the Court to dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies.

Absent a Response from Plaintiff, the Court finds that Defendants' Statement of Facts are deemed admitted, and their Motion should be granted.   According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the

United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

In this case, the Jail grievance policy in effect clearly instructs inmates to file a written grievance on grievance forms available within fifteen days of the grievance occurrence, stating the problem briefly and clearly. (Doc. No. 27-2, p. 7) The policy also states that if the inmate is not satisfied with the grievance officer's response, he may appeal within ten days to the Chief of Detention. (Id., p. 10) According to Brawley's Affidavit, Plaintiff was familiar with the grievance policy, as he submitted numerous grievances during his stays at the Jail, but did not submit a grievance about the excessive force incident at issue in his Complaint. Therefore, absent evidence to the contrary, the Court finds that Plaintiff did not exhaust his remedies as required by the

grievance procedure and the PLRA, and his complaint should be dismissed.[2]

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment

(Doc. No. 26) be GRANTED, and Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 13th day of March, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] In light of the Court's conclusion that Plaintiff failed to exhaust his administrative remedies as to the individual Defendants, the Court will not address Defendants' remaining arguments in support of their Summary Judgment Motion.   See Johnson v. Jones, where the Court stated that dismissal of an action is mandatory once it is determined that exhaustion was not completed at the time the lawsuit was filed. 340 F.3d at 627. See also Lyon v. Vande Krol, 305 F.3d 806, 807, 809 (8th Cir. 2002) (en banc), and Barbee v. Correctional Medical Services, No. 10-1891, 2010 WL 3292789 (8th Cir. 2010).